REUBEN KIZER v. THE STATE.

1. CRIMINAL LAW. *Limiting argument of counsel.* All parties are entitled to be heard by counsel. This right is subject to the control of the courts in the exercise of a sound judicial discretion. In cases involving the life or liberty of the citizen, this discretion should be carefully and cautiously exercised.

2. SAME. *Same.* The mere entering of a general exception to the action of the court in limiting the argument of counsel, is insufficient to cause a reversal unless the court can see that the prisoner has been injured by an improper exercise of judicial discretion.

3. SAME. *Same.* Where counsel are limited in their argument to a shorter time than they deem proper, they should object, stating the grounds of objection, and at the close of the limited time should state or show the limited time was exhausted before they had completed their argument, and should then ask permission to proceed.

FROM DAVIDSON.

Appeal in error from the Criminal Court of Davidson county.   MATT. W. ALLEN, J.

JOHN L. NOLEN for Kizer.

ATTORNEY-GENERAL LEA for the State.

COOKE, Sp. J., delivered the opinion of the court.

The prisoner was indicted for the murder of one George Simpson, was tried and convicted of murder in the second degree, and sentenced to imprisonment in the penitentiary for a term of fifteen years. His motion for a new trial was overruled, and he appealed to this court. But two grounds have been urged why the judgment should be reversed and a new trial granted: First, it is insisted that the preponderance of the evidence is against the verdict, and it should for that reason be set aside. Upon a careful examination of the testimony, however, we are entirely satisfied that the jury were well warranted by the evidence in finding the verdict which they did, and it will not be disturbed upon this ground.

The record shows that the prisoner was defended by three counsel, and upon the argument of the case, the court limited the counsel to one hour and ten minutes on each side. The State was represented alone by the attorney-general of the district, who waived his opening speech, and reserved his entire seventy minutes for his concluding argument. The prisoner by his counsel excepted, but the court over his objections, enforced the restriction, and the three counsel for the defense proceeded to argue the case, which, upon an equal division of the time allowed them, gave to each twenty-three minutes and twenty seconds.

There had been nine witnesses examined on part of the State, and seven on part of the defendant, all as to facts connected either directly or remotely with the transaction. The fact of the killing of the deceased by the prisoner was not controverted. He was shot and killed at a bagnio in Nashville, and two of the inmates, and two or three other persons residing in the immediate vicinity, who saw more or less of the transactions were the principal witnesses. The testimony was apparently directly conflicting as to material facts, both as to its origin and the part which the prisoner and the deceased each took in the transaction—a portion of the witnesses testifying to facts tending to show that the killing was a very aggravated and unprovoked homicide on part of the prisoner, and others testifying directly to facts which, if true, tended greatly to mitigate, if not to justify the killing. While others testified to facts and circumstances tending either directly or remotely to corroborate the witnesses to the transaction on each side. The facts, however, in regard to which these conflicts occur are not numerous or complicated. And the question arises whether the restriction of the argument as to time placed upon the counsel by the court over the simple objection without more is reversible error. By article 1, sec. 9, of our State Constitution: "In all prosecutions the accused hath a right to be heard by himself and his counsel." This right, however, is, and in the nature of things must be subject to the control of the courts in the exercise of a sound judicial discretion. To what extent this discretion is

subject to the revision of this court has not, and perhaps can not be specifically defined. In cases, however, involving the life or liberty of the citizens, this discretion entrusted to the courts should be carefully and cautiously exercised; and where this court can see that the rights of a party may have been jeopardized by an improper exercise of this judicial discretion it will not hesitate to reverse for that cause. "In criminal cases," says Judge Cooley, "we think the court may sometimes have a duty to perform in seeing that the prisoner suffers nothing from inattention or haste on the part of his counsel, or impatience on the part of the prosecuting officer, or of the court itself. Time may be precious to the court, but it is infinitely more so to him whose life or whose liberty may depend upon the careful and patient consideration of the evidence, when the counsel for the defense is endeavoring to sift the truth from falsehood, and to subject the whole to logical analysis, so as to show that how suspicious soever the facts may be, they are nevertheless consistent with innocence. Often, indeed, it must happen that the impression of the prisoner's guilt, which the judge and the jury unavoidably receive when the case is opened to them by the prosecuting officer, will insensibly to themselves color all the evidence in the case, so that only a sense of duty will induce a due attention to the summing up for the prisoner, which after all may prove unexpectedly convincing. Doubtless the privilege of counse is sometimes abused in these cases. * * * and cases may arise in which the court will feel compelled to

impose some reasonable restraint upon the address to the jury; but it is better in these cases to err on the side of liberality, and restrictions which do not leave to counsel, who are apparently acting in good faith, such reasonable time and opportunity as they may deem necessary for presenting their client's case fully, may possibly, in some cases, be so far erroneous in law as warrant setting aside a verdict of guilty": Cooley's Const. Lim, pp. 414 and 415.

As above stated, we are aware of no decision of this court directly upon the question here presented. In the case of *Lynch* v. *The State*, 9 Ind., 541, it was held by the Supreme Court of that State that the court can not prohibit argument in a criminal case; but it may regulate the argument of causes by reasonable rules and limitations. In the case of *Hunt* v. *The State of Georgia*, it was held that under the provisions of the Constitution of that State (which are nearly the same as ours), it was error in the Supreme Court to limit the defendant's counsel to a definite time in his argument before the jury, over his protest that he could not do justice to his client's case within the prescribed time: 49 Ga., 255. In that case the defendant was indicted for an assault with intent to murder. On the trial he was convicted of the lesser offense of stabbing. In that case the court limited the defendant's counsel to thirty minutes in his argument before the jury, over his protest that he could not do justice to his client's case within the limited time prescribed by the court, he was allowed however to go ten minutes over the time prescribed, that

is, he was permitted to speak forty minutes. Chief Justice Warner delivering the opinion of the court, said: "In view of the provision of the Constitution, which declares that every person charged with an offense against the laws shall have the privilege and benefit of counsel, the court below committed a grave error in limiting the argument of counsel, as disclosed by the record, which this court cannot sanction." He added: "If the evidence had been so decidedly strong as to have required the verdict rendered by the jury, the court might not have interfered with it for the error complained of; but the evidence is conflicting as to whether the stabbing was done in self-defense, and inasmuch as the defendant was prevented by the court from having the privilege and benefit of counsel in his defense, as contemplated by the Constitution, we reverse the judgment."

The same question came before the Supreme Court of California in the case of the *People* v. *Keenan*, 13 Cal., 581, which was an indictment for murder. In that case there were two counsel for the prisoner, and the trial court limited *each* of them in his argument before the jury to one hour and a half. At the expiration of the time allowed the first counsel, who argued for the defense, he was stopped by the court, whereupon he moved the court for further time to finish his argument to the jury, stating as a reason therefor that he had not had sufficient time to answer all the arguments of the counsel who opened the cause on behalf of the people, and had not had time to do justice to his client in the argument of the cause by

noticing all the circumstances and evidence connected
with the case. But the court overruled his motion
and refused to allow him to proceed unless the fur-
ther time occupied by him was taken from that al-
lowed to his associate counsel. To which action of
the court he excepted. The defendant was convicted
of murder in the *first* degree, and upon a motion for
a new trial both of the counsel for the defense pre-
sented their affidavits, stating substantially the same
facts as stated in the motion for leave to proceed above
recited. But the motion for a new trial was over-
ruled, and upon appeal this action of the court was
assigned as error.

In delivering the opinion of the court, Baldwin,
J., said: "We do not dispute the right of the dis-
trict judge to control and direct the proceedings of
the court so that the time be not wasted in argu-
ments, disputes and contentions, having no tendency to
bring about a fair and legal disposition of judicial
business. An enlarged discretion must necessarily be
given him over this subject; and we should certainly
with great reluctance disturb the exercise of that dis-
cretion in any given case. Nor do we here question
the right of a district judge to limit counsel to a
reasonable time in their arguments to the jury, though
from the danger to which the power is exposed, it is
perhaps better, if ever done at all in capital cases,
that it should only be done in very extraordinary and
peculiar instances. It is unquestionably a constitu-
tional privilege of the accused to be fully heard by
his counsel. An opportunity must be afforded him

for full and complete defense; and it is very difficult
for a judge to determine. what effect a given line of
argument may have upon a jury, or some one of them,
or what period may be necessary to enable counsel to
present, in the aspect deemed by them important,
the case of their client. The minds of men are so
differently constituted that one advocate may require
much more time for . the statement and elaboration of
his views than another."

At the conclusion of the opinion the court say:
"In this instance the court limited the time for the
argument against the prisoner's consent." At the ex-
piration of that time the counsel applied for an ex-
tension of it: and the affidavits of counsel of respect-
ability and standing show that they *were* prevented
by this restriction from a full and fair defense of
their client, and this showing is fortified by the na-
ture of the case and the large mass of testimony be-
fore the jury." " If it (the court) imposes a lim-
itation of time upon counsel against their consent, this
must be done at the risk of a new trial, if it is shown
by uncontradicted affidavits that the prisoner was de-
prived by the limitation of the opportunity of a full
defense."

We have taken these copious extracts from the
decisions referred to for the reason that they are the
only direct authorities on the question to which we
have had access: and we approve the reasoning upon
which they are predicated and the principle upon which
they were determined. It will be observed, however,
that the decision in the one case was based upon the

solemn asseveration, of the counsel, in his place, after he had exhausted the time allowed him by the court, that he had not been able to finish his argument, in the time allowed, and that there were other facts, and circumstances which he deemed important to present to the jury, which he had not had time to do; and, in the other upon the same formal application by way of motion to be allowed to proceed after the time had been exhausted, supported by affidavits upon the motion for new trial to the same effect. In this case, while we think the action of the trial judge is subject to criticism in confining counsel to so short a time in the argument of a capital felony before the jury, yet as we are satisfied that the verdict is well sustained by the evidence, and as there is nowhere any suggestion or intimation by any of the counsel after they had exhausted the time allowed them by the court, that they had not said all they desired to say, or that any injustice had in their opinion been done the defendant by the limitation of the argument, nor is it anywhere shown that they desired to proceed with the argument, or was stopped by the court, after having exhausted the time allowed them; and as no reason for the exception to the action of the court is anywhere stated, we are of opinion that the mere exception, in general terms, to the ruling of the court without more is not sufficient to authorize a reversal of the case on account of an improper exercise on part of the court of his judicial discretion, unless we were able to see that some injustice had in fact been done the defendant, or facts al-

Railroad v. Bate.

leged or shown from which we could see that such might have been the case.

The judgment of the court below will therefore be affirmed.