English v. Ricks.

MARY J. ENGLISH *v.* ANN E. RICKS et al.

(*Jackson.*   April Term, 1906.)

1. **EVIDENCE.  Attorney and client.  Confidential communications not admissible.**

An attorney, authorized under his license to practice only before justices of the peace, cannot testify to a confidential communication with his client, although the client was seeking to institute a suit which was beyond the jurisdiction of a justice of the peace.

2. **SAME.  Will contest.  Statements of testator concerning marital relations inadmissible.**

In a suit to contest a will in which the wife of testator is the principal beneficiary, on the grounds of mental incapacity, fraud and undue influence, evidence of statements made by testator concerning the relations between himself and his wife is inadmissible.

Case cited and approved:   Brewer v. Ferguson, 11 Humph., 565.

3. **NEW  TRIAL.  Improper conduct of attorney is reversible error, when.**

The conduct of an attorney in continuing to ask incompetent questions after they had been excluded by the trial judge, and in persistently making side remarks, observations on and criticisms of testimony in the presence of the jury during the examination of witnesses, tending to prejudice the adverse party by getting before the jury incompetent matter, is reversible error.

Case cited and approved:   Prewett-Spurr Mfg. Co. v. Woodall, 115 Tenn., 605.

FROM SHELBY.

Appeal from the Circuit Court of Shelby County.— J. P. YOUNG, Judge.

SMITH & TREZEVANT, WRIGHT, PETERS & WRIGHT and SCALES & KING, for English.

W. B. GLISSON and W. F. HAMNER, for Ricks *et al.*

MR. JUSTICE NEIL delivered the opinion of the Court.

About three weeks before his death, which occurred in January, 1904, C. B. English, a man advanced in years, childless, and the owner of an estate of the value of about $65,000, made his will, in which his wife, to whom he had been married about twenty years, was designated as the principal beneficiary. Soon after testator's death, the present suit was instituted, in the circuit court of Shelby county, for the purpose of contesting the will, by his sister, Mrs. Ricks, and others, the children of a deceased sister. The grounds of contest were want of mental capacity, fraud, and undue influence. The result was adverse to the will. The proponent, the widow, thereupon prosecuted an appeal to this court.

English v. Ricks.

Among the numerous assignments of error filed, only those need be noticed at this time which raise the following questions:

1. In the court below, Mr. Bond, a witness for the contestants, was permitted to testify—over objection—that the testator offered him $1,000 to assist him in obtaining a divorce from his wife. In stating the offer of this fee, the witness was permitted to detail a rather extended conversation between himself and his proposed client in respect of the relations existing between the latter and his wife. The ground of the objection was that Bond was an attorney and was consulted by Mr. English in that capacity. It appears from the testimony of Mr. Bond that he had a license only under the statute permitting him to practice before justices of the peace.

One acting under such limited license would, of course, have no power to conduct a divorce proceeding, since justices of the peace are without jurisdiction in such matters. However, the relations between an attorney of this grade and one consulting him upon legal rights would, nevertheless, be confidential. It is true, strictly speaking, all that such embryonic attorney could legally do would be to employ some lawyer having a general license and turn the fee over to him; yet, it would not be proper to permit one having such limited license to obtain confidential communication on the faith of his office as an attorney, and then to divulge them on the ground that the particular kind of case was beyond his

legal powers.   Public policy requires that confidential communications between client and counsel shall be held sacred.   We think the whole conversation was incompetent, and should have been excluded.

2.   A witness was introduced who testified concerning the relations existing between the husband and wife as follows:

"Q.   State to the jury what English told you were the relations between his wife and himself, in regard to happiness, peace, and quiet, or trouble—anything of this kind?

"A.   He frequently said to me that very shortly after their marriage he discovered he had made a very great mistake in his marriage, but it was done and he was living in a little torment.   That was not his exact language.

"Q.   What was his language?

"A.   That he was living in hell.

"Q.   You say that was very soon after they were married?

"A.   Soon after he was married, and clean up to four years ago."

The circuit judge, on objection, struck out all that was said upon the subject of living in hell.   We think the whole passage, and all similar evidence, should have been stricken out.   The point falls within the principles of *Brewer* v. *Ferguson,* 11 Humph., 565.   That case holds in substance that the wife is not a competent witness to testify to the acts of her husband in her presence during the privacy of their married life, whereby she is enabled

English v. Ricks.

to form as opinion as to his mental condition or moral character. This restriction on the wife is not removed by the death of her husband. A great injustice would be done her if, while her mouth is sealed in this manner, persons claiming under the husband should be permitted to introduce statements of the deceased going into all the privacy of their marital relation. Such evidence would be as violative of the principle of public policy as if the husband himself were placed upon the witness stand, and permitted to detail such matters.

3. Certain pages of the record referred to by counsel for the proponent (78, 89, 98, 104, 126, 129, 130, 176, 190, 192, 215, 216, 480, 564, 565, 663) contain matter which shows that one of the attorneys for the contestants, during the progress of the trial, persistently disregarded the rulings of the trial judge in continuing to ask incompetent questions after they had been ruled out by the judge, and that he likewise persisted in indulging in side remarks, observations upon and criticisms of current testimony, in the presence and hearing of the jury, during the examination of the witnesses, of a character tending to greatly prejudice the proponent's case, thereby getting before the jury much incompetent matter that should never have been stated in their hearing. Although proponent's counsel repeatedly appealed to the court for the protection of his client's interest against this unjust and unlawful practice, and the court repeatedly rebuked contestant's counsel, he did not desist; and so, in substance, though not in words, he refused to obey the reasonable, proper, and just rulings of the court, through

which it was sought to preserve to the proponent her right to an orderly trial. This action of the counsel was made one of the grounds in the motion for a new trial in the court below, and the action of that court in refusing to grant a new trial on this ground is made the basis of one of the assignments of error here.

The assignment is well founded. If there were no other ground of reversal, we should feel constrained to reverse upon this ground alone. Verdicts so obtained cannot be permitted to stand. Counsel must respect the just authority of the trial court. The parties to a lawsuit are entitled to a fair trial upon the issues presented. Irrelevant matters cannot be persistently injected into the case over the protest of opposing counsel, and in disregard of the rulings of the trial judge, thereby beclouding and prejudicing the minds of the jury. Such conduct on the part of counsel is destructive of that order, decorum, and sobriety which should characterize judicial proceedings, wherein court and counsel are engaged in an effort to ascertain the truth, and do justice. When the circuit judge, on proper application, fails to grant a new trial for such unlawful practice, this court must and will, when we can see, as in the present case, that it was injurious (and it could hardly be otherwise) to the rights of the party against whom it was employed. The occurrences complained of in this case were much graver than the one for which a reversal was entered in the case of *Prewitt-Spurr Mfg. Co.* v. *Woodall,* 115 Tenn., 605, 90 S. W., 623.

Reverse and remand.