PULLMAN COMPANY *v.* E. M. PENNOCK.

(*Jackson.*     April Term, 1907.)

1. **VERDICTS.** Excessive against sleeping car company for wrongfully refusing accommodations, when.

   A verdict for five hundred dollars is excessive in a suit against a sleeping car company for refusing plaintiff accommodations in one of its cars, because of a mistake made by defendant's agent in selling plaintiff a ticket and his inability to pay again for a berth, which resulted in his being compelled to sit up all night in a crowded and uncomfortable day coach, it not being shown that he was treated with rudeness or discourtesy, or subjected to unnecessary humiliation.     (*Post, pp.* 566, 567.)

2. **ARGUMENT OF COUNSEL.** Statement of facts not in evidence, and reading decisions, to influence jury are grounds for a new trial, when.

   Counsel cannot in argument make statements of facts not in evidence for the purpose of influencing the jury, and opinions of courts in other cases stating the amounts of recoveries there had and sustained cannot be read for a like purpose; and where these things are done over the objection of counsel for the opposite party, they will vitiate a verdict thus in part procured, and it will be set aside and a new trial granted. (*Post, pp.* 567-569.)

   Cases cited and approved:  Manufacturing Co. v. Woodall, 115 Tenn., 605; English v. Ricks, 117 Tenn., 73.

3. **SAME.** Same. Reprimanding and fining counsel for improper argument does not remove impression made on jury.

   It is immaterial that the objection to the improper matter was sustained, and that counsel was reprimanded and fined for the improper argument made as shown in the foregoing headnote.

The purpose of counsel had been accomplished. The jury had been inoculated with the poison of the foreign matter improperly injected in the case, and it was impossible to remove the impression made upon the jury. (*Post, pp.* 569, 570.)

FROM SHELBY.

Appeal from the Circuit Court of Shelby County.— J. P. YOUNG, Judge.

T. H. JACKSON and MARION G. EVANS, for Pullman Co.

HEBER WILLIAMS and P. M. D. DOWDALL, for Pennock.

MR. JUSTICE SHIELDS delivered the opinion of the Court.

This action was brought by E. M. Pennock against the Pullman Company to recover damages for the wrongful conduct of the employees of the company in refusing him accommodations in one of its cars from St. Louis, Missouri, to Memphis, Tennessee, because of a mistake made by an agent of the company in St. Louis in selling the plaintiff a ticket and his inability to again pay for a berth. Plaintiff was compelled to sit up all night in

a crowded and uncomfortable day coach, but there is no averment or proof that he was treated with rudeness or discourtesy, or subjected to unnecessary humiliation. There was, on a trial before a jury, a verdict and judgment in favor of the plaintiff for five hundred dollars, and the company has brought the case to this court for review, and assigns several errors. The only assignment of error that we will consider is one predicated upon the misconduct of counsel for the plaintiff below in the argument of the case, which was as follows:

In his closing argument counsel said:

"Gentlemen, it is for you to say how much damage you will assess against this defendant. The Pullman Company is a vast and wealthy corporation, which enjoys large and valuable privileges given it by the people of Missouri, Kentucky, Tennessee, and other States. It enjoys these privileges and makes for itself a vast income. The public are absolutely at its mercy. There is a case almost identical with this where a man was put out of a car, and the jury gave a verdict of $10,000, and the supreme court of the State on appeal sustained the verdict."

Counsel for the company interposed an objection to this character of argument, which the court sustained, announcing that the argument was improper and should not be considered by the jury.

Counsel for the plaintiff, continuing his address, in the course of a few minutes returned to the same subject and said:

"Now, gentlemen, the question of the amount of damages is solely for you. There is not a man on this jury but believes that the plaintiff was unnecessarily and willfully put to great discomfort and hardship and made to undergo great humiliation, shame, and disgrace. The jury in the case I have referred to, which was very similar to this one, gave a man a verdict of $10,000 for being wrongfully put off a car, and the supreme court refused to say that this verdict was unreasonable or excessive."

Counsel for the defendant renewed his objection, and it was again sustained; the court saying to counsel that his argument was highly improper and in disregard of its ruling. Counsel for the plaintiff then stated that, if this oral argument was considered improper, he would read from the report of the case, which set out the facts, and proceeded to do so, repeating his former statements to the jury. He was then interrupted by the trial judge and reprimanded for deliberately disregarding the rulings of the court, and a fine of $25 imposed upon him for his misconduct. This misconduct was assigned as a ground for a new trial, and the action of the court in failing to favorably consider it is, as above stated, now assigned as error in this court.

This conduct of counsel for the plaintiff was highly improper, and calculated to excite and inflame the jury and cause it to find an excessive verdict upon an improper basis, and was therefore prejudicial to the defendant. There was no evidence in the record concerning

the wealth of the defendant company, the privileges it enjoyed, or the income it received. The record in the case to which counsel referred, in which a judgment for $10,000 had been recovered, was not in evidence in this case, and the facts in that case were unknown and foreign to the issues being tried. It has frequently been held by this court that counsel cannot in argument make statements of facts which no evidence has been offered to prove for the purpose of influencing the jury, and that opinions of courts in other cases stating the amounts of recoveries there had cannot be read for a like purpose, and that where these things are done over the objection of counsel for the opposite party they will vitiate a verdict thus in part procured, and it will be set aside and a new trial granted. *Manufacturing Company* v. *Woodall,* 115 Tenn., 605, 90 S. W., 623; Thompson on Trials, vol. 1, secs. 947, 963; *English* v. *Ricks,* 117 Tenn., 73, 95 S. W., 189.

It is immaterial that the objection to the improper matter was sustained, and that counsel was reprimanded and fined. The purpose of counsel had been accomplished. The jury had been inoculated with the poison of the foreign matter improperly injected in the case, and every lawyer of experience knows the impossibility of removing the impression that has been made. It cannot be done. No verdict should be allowed to stand where counsel deliberately and persistently inject into the record matter calculated to prejudice the jury against the opposite party and influence the jurors in

their deliberations. Tampering with juries in or out of court in any form cannot be tolerated. It corrupts the very fountains of justice and renders a trial worse than a farce. The client is responsible for the action of his attorney, and cannot be allowed to reap a benefit improperly obtained by him. The conduct of counsel in this case could not have been intended for any other purpose than to cause the jury to render an excessive verdict, and it is evident, considering the size of that found and the injuries sustained by the plaintiff, that his efforts were successful.

This assignment of error is sustained, the judgment of the trial court reversed, and the case remanded for a new trial.