**Melba PERKINS, Plaintiff–Appellee,**

v.

**Edward A. SADLER, Defendant–Appellant.**

Court of Appeals of Tennessee,
Western Section, at Nashville.

Feb. 6, 1991.

Application for Permission to Appeal
Denied by Supreme Court
May 6, 1991.

Ralph Christian, Nashville, for plaintiff-appellee.

Michael E. Evans, Nashville, for defendant-appellant.

CRAWFORD, Judge.

Defendant, Edward A. Sadler, appeals from the judgment of the trial court on a jury verdict for the plaintiff Melba Perkins.

Plaintiff's complaint alleges that she sustained personal injuries in an automobile collision caused by defendant's negligence. At the commencement of the trial, defendant, through counsel, admitted his negligence caused the collision but denied that plaintiff was injured in the manner and to the extent alleged. The only issue for the jury to decide was the amount of damages to be awarded plaintiff.

The automobile accident occurred February 24, 1988. Plaintiff first saw Dr. Ledbetter, an orthopedic surgeon, in April of 1988. Dr. Ledbetter testified that when he first saw plaintiff she was complaining about her neck and that it was not until sometime later she advised him that she had experienced back pain while at work. Plaintiff testified that she told Dr. Ledbetter that her back was hurting when she first saw him and that he ordered therapy for her neck and her back. Plaintiff also testified that she was prevented from seeing Dr. Ledbetter for continued treatment because she was unable to pay him. In January of 1989, she went to Dr. Obersteadt, a chiropractor. She testified that she was still having trouble with her back and that Dr. Obersteadt treated her for her back complaint. Dr. Obersteadt testified that in his opinion the problem with her back was caused by the accident. Dr. Ledbetter, on the other hand, testified that in his opinion the problem with her back was not caused by the accident. The proof es-

tablished lost wages of $266.11, a chiropractor bill of $1,415.00 and other medical expenses of $860.00. Plaintiff testified that she was still suffering from the injuries she alleged. The jury returned a verdict for plaintiff in the amount of $27,500.00.

The only issue for review is whether the trial court erred in not granting a new trial because of the conduct of plaintiff's counsel in closing argument to the jury. Defendant-appellant first asserts that the trial court erred in allowing plaintiff's attorney, in closing argument, to state to the jury that in Tennessee chiropractors are licensed by the same board that licenses orthopedic surgeons.

It is clear from defense attorney's extensive cross examination of the chiropractor that defendant was attacking the qualifications of the chiropractor to treat plaintiff's alleged injuries and to give opinions concerning the cause of her condition. The chiropractor had testified concerning his qualifications, and the trial court allowed him to testify as an expert witness. In closing argument, the plaintiff's attorney addressed the defense's attack on the chiropractor. We quote from the record:

By the way, while I'm on him, I want to make this observation to you. The attorney that was doing the questioning for the defense got into the fact that, in spite of all his accomplishments that were on the plus side, he lacked a few hours getting a B.A. degree. What difference does that make? He is licensed by the Board of the Healing Arts of Tennessee to practice as a chiropractor. And it is the same board that licensed Dr. Ledbetter.

MR. EVANS: If the Court please, I object to the representations of evidence, and I object in particular because I think it is erroneous.

THE COURT: I overrule your objection, and let's be a little—this is argument, and I overrule your objection. It is certainly relevant. Go ahead.

MR. CHRISTIAN: They made it relevant. They tried to make this an issue, to bring him down in your eyes. And he

couldn't be out there on White Bridge Road doing the work he is doing unless he had taken the examination, not only in Tennessee but two other states. Remember? I think Texas was one of them. There was another state I don't remember. He is licensed to do his practice in three states, but it just shows you if you are desperate how you will try to bring him down, discredit him so you people of the jury won't give him full faith and credit.

\* \* \* \* \* \*

Defendant asserts that plaintiff's counsel not only presented to the jury matters not in evidence, but also stated an erroneous proposition of law, i.e., that the same board licensed both witnesses. He argues that the trial court compounded the error when he overruled the objection by indicating his approval of the statement. Defendant insists that the impact of the argument by plaintiff's attorney, coupled with the comments of the trial court, require that the judgment of the trial court be reversed, relying upon *Pullman v. Pennock*, 118 Tenn. 565, 102 S.W. 73 (1907).

Although it does appear that plaintiff's counsel erroneously stated the licensing requirements of the two professions, it does not appear that he did so with the intent to deliberately mislead the jury. In *Pullman v. Pennock, supra,* the situation was entirely different. The lawyer in that case persistently engaged in improper argument after being instructed by the court to cease.

In the instant case, there is a dispute between plaintiff and her orthopedic surgeon witness as to what plaintiff told him concerning her condition. The orthopedic surgeon's testimony is contrary to the testimony of the chiropractor concerning plaintiff's back injury. Although the qualifications of the two witnesses could have some bearing on the weight, faith and credit given to the respective testimony by the jury, we cannot say from this record that the erroneous argument was a controlling factor. The jury could have very easily discredited the orthopedic surgeon's opin-

ion based upon the dispute as to the history he obtained from the plaintiff.

In *J. Avery Bryan, Inc. v. Hubbard,* 32 Tenn.App. 648, 225 S.W.2d 282 (1949), the Eastern Section of this Court said:

> In general, control over the argument of counsel is lodged with the trial court which exercises a sound judicial discretion as to what shall and shall not be permitted in argument. *Ferguson v. Moore,* 98 Tenn. 342, 39 S.W. 341; *Kizer v. State,* 80 Tenn. 564; *East Tennessee, V. & G.R. Co. v. Gurley,* 80 Tenn. 46; *Stone v. O'Neal,* 19 Tenn.App. 512, 90 S.W.2d 548.
>
> Generally the appellate courts will not interfere with the discretionary action of the trial court in refusing a mistrial or a new trial for misconduct of counsel in argument unless the argument is clearly unwarranted and made purely for the purpose of appealing to passion, prejudice and sentiment which has not or cannot be removed by sustaining objection of opposing counsel, *Pullman Co. v. Pennock,* 118 Tenn. 565, 102 S.W. 73; *Nashville Chattanooga & St. Louis Ry. Co. v. Mangrum,* 15 Tenn.App. 518, or unless the appellate court finds affirmatively that it affected the result of the trial, Public Acts 1911, Chapter 32; *Pullman Co. v. Pennock,* supra; *Lauterbach v. State,* 132 Tenn. 603, 179 S.W. 130; *Pearson v. State,* 143 Tenn. 385, 226 S.W. 538; *Petway v. Hoover,* 12 Tenn. App. 618; *Stone v. O'Neal,* supra.

225 S.W.2d at 287.

Defendant also argues that the trial judge "not only overruled the objection, but in fact endorsed the argument of plaintiff by stating among other things that it was 'certainly relevant'." We disagree with defendant's interpretation of the trial judge's remark. The qualifications of the expert witnesses are certainly relevant, and perhaps the trial judge thought the licensing requirements had been admitted into evidence. The trial judge did instruct the jury that they should not consider any statement made by him as expressing an opinion concerning the weight of the evidence or resolution of the case. We note also that

defendant's counsel adequately advised the jury in his argument that the licensing requirements are not the same. It is a narrow and technical view of the matter to think that one small item of qualification can be a controlling factor in the jury's decision. The trial court properly accepted both witnesses as expert witnesses qualified to give opinion evidence, and this was done without evidence of the licensing authority.

■ From our review of the entire record, we cannot say that counsel's remark to the jury concerning the licensing qualifications of the expert witnesses more probably than not affected the verdict of this jury. See Rule 36(b) T.R.A.P. Moreover, we note that defendant's counsel apparently did not think the infraction was that serious because no motion for a mistrial was made either at the time of the alleged error or at the conclusion of the trial. A mistrial must be demanded as soon as its grounds are known, otherwise it is waived. See *Spain v. Connolly,* 606 S.W.2d 540 (Tenn.App.1980).

■ Defendant next asserts that he is entitled to a new trial because plaintiff's counsel persisted in making a "Golden Rule" argument to the jury. We quote the argument of plaintiff's counsel and other proceedings dealing with this alleged error:

> [MR. CHRISTIAN, plaintiff's attorney]: Now, we sued in this case for $75,000. Let's think about that a moment. It is—you know, would any one of you take $75,000 for being involved in an accident?
>
> MR. EVANS [defendant's attorney]: If the Court please, that is Golden Rule argument, which is totally improper.
>
> THE COURT: Don't have them put themselves in the place of the plaintiff.
>
> MR. CHRISTIAN: I knew better than that, and I was forgetful, and I apologize.
>
> THE COURT: All right.
>
> MR. CHRISTIAN: Well, let me phrase it this way. It is a matter of phrasing. $75,000, when you are involved in an accident and your car is totaled and it looks like an accordion and you are in

that sort of pain—and when you hurt, you hurt. How many times in your lifetime have you gone to work with just a headache? If you go to work with a headache, you don't feel well. You can do the job, but it is a situation in which it is just tough to do it.

\*     \*     \*     \*     \*     \*

While defendant argues that plaintiff's counsel persisted in making the Golden Rule argument, we do not believe the record substantiates that assertion. Counsel's remarks subsequent to the objection indicate the use of "you" as a general term indicating the population in general. It does not appear to this Court that he is referring to the jury placing themselves in the position of the plaintiff. At any rate, the defendant made no motion for a mistrial and it is certainly not clear that this argument more probably than not affected the verdict of the jury. Rule 36(b) T.R.A.P.

■ Defendant next asserts that the trial court erred in allowing plaintiff's counsel, in the closing argument, to read a part of the deposition testimony of the chiropractor. The trial court overruled the defendant's objection to plaintiff's counsel reading a part of the chiropractor's deposition in its closing argument. Neither party has cited a Tennessee case dealing with this precise point, nor has our research revealed such a case. However, we note that the deposition constitutes a part of the trial testimony, and certainly in closing argument one can properly utilize a summation of trial testimony, and it should not be improper for this to be done in a question and answer form. A jury must determine the facts based upon the evidence presented and they are so instructed by the trial judge. We see nothing wrong with reminding the jury in closing argument of the testimony of various witnesses, and, if the testimony was adduced by way of deposition, the easiest way to make this reminder is by reading the deposition. In any event, the defendant made no motion for a mistrial, nor can we find from the record that the reading of this small part of the chiropractor's deposition more probably than not

affected the verdict of the jury. See Rule 36(b) T.R.A.P.

 We note also that the trial court instructed the jury that statements and arguments of counsel are not evidence and that the jury should disregard any such statement that has no basis in the evidence. The court also instructed the jury that they should not take any ruling, action or remark on his part as any intention to state an opinion or make a suggestion as to a proper resolution of the issues in the case. We must presume that the jury followed the instructions.

The judgment of the trial court is affirmed, and this case is remanded to the trial court for such further proceedings as may be necessary. Costs of the appeal are assessed against the appellant.

TOMLIN, P.J., (W.S.), and FARMER, J. concur.