IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE

# HAYES WASHINGTON v. THE 822 CORPORATION, ET AL.

**A Direct Appeal from the Circuit Court for Davidson County**
**No. 95C-4371    The Honorable Carol Solomon, Judge**

---

**No. M1999-01318-COA-R3-CV - Decided June 29, 2000**

---

Patron of adult book store and theater sued the theater corporation and one employee for injuries sustained in an assault by defendant employee and other employees. The jury returned a verdict for the defendant employee but against the corporation and assessed damages accordingly. The corporation appeals, asserting that the verdict is inconsistent and a new trial should be granted. We affirm, because the complaint alleges and the proof indicates that employees other than the defendant employee engaged in the assault.

**Tenn. R. App. P. 3, Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded.**

CRAWFORD, P.J., W.S., delivered the opinion of the court, in which HIGHERS, J., and FARMER, J., joined.

John E. Herbison, Nashville, For Appellant

Michael H. Sneed, Nashville, For Appellee

## OPINION

This appeal involves a suit for personal injuries resulting from an alleged assault. Defendant-appellant, The 822 Corporation (hereinafter Corporation), appeals the judgment on the jury verdict awarding plaintiff-appellee, Hayes Washington (hereinafter Washington), $7,500.00 damages. The jury also returned a verdict for defendant, Ronnie Telford.[1]

On December 23, 1994, Washington visited the Metro News Adult Store.[2] The facts regarding the incident are sharply disputed. However, it is clear from the record that a physical struggle ensued between Washington, Telford, and other corporate employees which resulted in

---

[1] Plaintiff-appellee has not appealed as to this defendant.

[2] The parties stipulated that The 822 corporation owns the Metro News Adult book Store where Ronnie Telford was an employee.

injuries to Washington's person.

On December 21, 1995, plaintiff filed suit against Corporation and Ronnie Telford. Plaintiff's amended complaint alleges that while plaintiff was visiting Corporation's place of business, he was assaulted by defendant Telford and other employees of the corporation, all acting within the course and scope of their employment. The complaint also alleges that Telford, acting within the course and scope of his employment, was guilty of malicious prosecution for swearing out a criminal warrant against him. The jury returned a verdict for plaintiff against Corporation for $7,500.00 damages, and also returned a verdict in favor of defendant Telford. Corporation's motion for a new trial was denied, and Corporation has appealed. Corporation presents two issues for review, as stated in its brief:

> 1. Whether the inconsistency of the jury verdicts, including findings of no liability on the part of the employee who was alleged to have assaulted the Plaintiff and of liability on the part of the employer for such assault, requires that a new trial be granted.

> 2. Whether the trial court in its capacity as thirteenth juror failed to properly weigh the evidence without deference being shown to the result reached by the jury.

Where, as here, a trial judge has approved a jury's verdict, our standard of review is whether there is any material evidence to support the verdict. Tenn. R. App. P. 13 (d). Thus, absent a reversible error of law, we will set aside a judgment on a jury verdict only where the record contains no material evidence to support the verdict. *Foster v. Bue*, 749 S.W.2d 736, 741 (Tenn. 1988).

In its first issue, the corporation asserts that Washington's claim was based on the doctrine of *respondeat superior* and that neither the complaint or amended complaint included a claim for negligent hiring or supervision of its employees. Corporation further submits that the proof presented at trial does not present a basis for any claim other than *respondeat superior* and argues that the jury verdict should be overturned based on the inconsistent result. Washington argues that the issues of negligent training and negligent supervision of the employees were tried by express or implied consent of the parties and therefore should be treated as if raised in the pleadings.[3]

The problem with Washington's argument is that the trial court did not instruct the jury on negligent training or negligent supervision. The trial court should instruct the jury upon every issue of fact and theory of the case raised by the pleadings and supported by the proof. *Street v. Calvert*, 541 S.W.2d 576 (Tenn. 1976). The record reveals that Washington did not submit a special request for instruction regarding the Corporation's negligent training or supervision of its employees. The trial court cannot be held in error for an incomplete charge in the absence of such a special request.

---

[3] Washington's brief presents this theory as issues but because of our decision we pretermit a detailed examination thereof.

*Louisville N.R. Co. v. Wynn*, 88 Tenn. 320, 14 S.W. 311 (1890); *Bowers v. Thompson*, 688 S.W.2d 827 (Tenn. Ct. App. 1984).

Since Washington did not request and the jury was not charged with negligent supervision or hiring we must assume that the verdict was based on *respondeat superior.* Under the doctrine of *respondeat superior*, an employer is held vicariously liable for torts committed by its employees within the course and scope of their employment. *Tennessee Farmers Mut. Ins. Co. v. American Mut. Liab. Ins. Co.*, 840 S.W.2d 933, 937 (Tenn. Ct. App. 1992). It is well settled under Tennessee law that when the master or employer's liability is based on the doctrine of *respondeat superior,* the master or employer cannot be held liable if the employee is not liable. *Loveman v. Bayless*, 128 Tenn. 307, 315, 160 S.W.2d 841 (1959).

Corporation asserts that the jury rendered inconsistent verdicts by holding Corporation liable but declining to hold Telford liable. If, in fact, there are inconsistent verdicts, neither the verdict in favor of the employee nor the verdict against the employer can stand. *See McCall v. Owens*, 820 S.W.2d 748 (Tenn. Ct. App. 1991) (citing *Slaton v. Earl Campbell Clinic Hosp.*, 565 S.W.2d 483 (Tenn. 1978). However, in this case the complaint specifically alleges that plaintiff was injured as a result of the assault by Telford and other employees of Corporation acting in the course and scope of their employment. The record indicates that other employees were involved in the altercation and, in fact, actually struck the plaintiff. The jury was charged on the liability of the master under the doctrine of *respondeat superior* and heard the testimony concerning the acts of Corporation's employees. Under these circumstances, the verdict against Corporation could be based upon the assault by the other employees and not Telford. Corporation's first issue is without merit.

Corporation's second issue asserts that the trial court did not perform its duty as the thirteenth juror. As we previously noted, the standard of review is limited to a determination of whether there is any material evidence to support a jury verdict. This standard is not applicable unless the trial judge properly fulfills his duty as "a thirteenth juror." In *Shivers v. Ramsey*, 937 S.W.2d 945 (Tenn. Ct. App. 1996), this Court said:

> In this state the trial judge is the thirteenth juror and no verdict is valid until approved by the trial judge. *Mize v. Skeen*, 63 Tenn. App. 37, 468 S.W.2d 733 (1971). In this capacity the trial judge is under a duty to independently weigh the evidence and determine whether the evidence preponderates in favor of or against the verdict. *McLaughlin v. Broyles*, 36 Tenn. App. 391, 255 S.W.2d 1020 (1952); *Tiffany v. Shipley*, 25 Tenn. App. 539, 161 S.W.2d 373 (1941).
>
> If in discharging his duty as thirteenth juror, the trial jduge makes comments that indicate that he has misconceived his duty or clearly has not followed it, this court must reverse and remand the case for a new trial [the material evidence rule notwithstanding]. *See Nashville, C. & St. L.R. R. v. Neely*, 102 Tenn. 700, 52 S.W. 167,

168 (Tenn. 1899); *Holden v. Rannick*, 682 S.W.2d 903 (Tenn. 1984).

937 S.W.2d at 947.

Corporation asserts on appeal that the trial court's language in the order denying the motion for a new trial indicates that the court misconstrued its duty and approved the verdict for some reason other than its own satisfaction with the verdict based upon an independent evaluation of the evidence. The language referred to is "It appears to the Court now that the jury verdict in this cause is supported by sufficient evidence and therefore should not be disturbed." Corporation argues that this language indicates that the trial judge was deferring to the jury verdict without exercising its independent evaluation of the weight of the evidence. We do not read such an interpretation into the language of the order. The trial judge appears to have merely stated that there was evidence upon which the jury could have resolved the case as it did, and this language does not indicate that the trial judge did not perform her duty as the "thirteenth juror."

Accordingly, the judgment of the trial court is affirmed. This case is remanded to the trial court for such further proceedings as may be necessary. Costs of the appeal are assessed against the appellant, The 822 Corporation.