David SHERLIN et al.,
Plaintiffs-Appellants,

v.

James E. ROBERSON, Administrator,
Defendant-Appellee.

Court of Appeals of Tennessee,
Eastern Section.

Oct. 15, 1976.

Certiorari Denied by Supreme Court
March 15, 1977.

Andrew J. Sinor, Cleveland, for plaintiffs-appellants.

Mayo L. Mashburn, Cleveland, for defendant-appellee.

OPINION

McAMIS, Special Judge.

This case is before the court solely on the technical record and a bill of exceptions reflecting only what occurred when the court overruled plaintiffs' motion for a new trial following a jury verdict for the defendant administrator. Plaintiffs have appealed from a judgment dismissing their suit.

We find it necessary to decide the single question: Did the trial judge approve the verdict as the thirteenth juror? We quote in full the remarks of the trial judge in overruling plaintiffs' motion for a new trial:

"Well, as I stated in my statements Monday, I think that the Court has to be reasonable as the thirteenth juror and basically at the time the Motion for Directed Verdict was made the Court pretty well made its mind up at that time that there were certain questions of fact which had to be determined by the jury, and I can't say the jury reached the wrong verdict. I can't say that they reached the right verdict. Before I would as a thirteenth juror, before I would set the verdict aside, it would have had to have been a verdict that I couldn't have lived with, and that was not the case in this case. I thought it was a case

that could have gone either way, very much so. Most cases are not as close as the questions as in this case that appeared at the time of the trial, and I can't say that I can't agree with what the jury did. I think I have approved their verdict by order and the court still approves their verdict."

With deference to the trial judge, it seems to us that when he said he could not say the verdict of the jury was right there was a clear disavowal of approval. The statement immediately following, that he could not say the verdict was wrong, cannot be taken as neutralizing the first statement. Taking the two statements and considering them together they would indicate that the judge had no opinion either way. These statements considered in context with the pro forma approval of the verdict with which he concluded his remarks seem to show that, notwithstanding his lack of conviction, the court was deferring to the verdict of the jury and disclaiming any opinion of his own. When he stated he could not say the verdict was right he failed to do precisely what he must do before rendering judgment on the verdict.

The above-copied remarks of the judge make it appear he disassociated himself from the deliberative process which is the peculiar and exclusive province of the jury of which the presiding judge is as much a member as jurors sitting in the jury box. Indeed, it must be said that, by reason of his training as a lawyer and his experience in weighing testimony, he is the most important member of the jury.

To say, as the trial judge did in this case, that before the trial judge, acting as the thirteenth juror, should set aside a verdict it would have to be a verdict that he could not live with would be to adopt a standard relieving the judge of the duty to take an unbiased and dispassionate view of the evidence, weigh it and determine whether the evidence preponderates in favor of the plaintiff or defendant or is equally balanced.

█ If the trial judge abdicates this important duty justice could often miscarry.

On appeal the evidence cannot be weighed as in the trial court. As has been said so often, a verdict in a civil case approved by the trial judge cannot be overturned if there is any credible material evidence to support it. In view of the finality of his determination of the weight of the evidence as the thirteenth juror, it will not do to weaken the rule by implying approval by the trial judge from countervailing and irreconcilable remarks. To do so would be to strike at the very foundation of our judicial system as it pertains to jury trials.

█ Apropos here, it was said in *Telephone & Telegraph Company v. Smithwick*, 112 Tenn. 463, 467, 79 S.W. 803, 804:

"The rule in civil cases is that, if the circuit judge is dissatisfied with the verdict of the jury, it is his duty to set it aside and grant a new trial, and that upon its being made to appear to this court, from statements made by the circuit judge in passing upon the Motion for New Trial, that he was really not satisfied with the verdict, it becomes the duty of this court, when it has acquired jurisdiction of the cause, to do what the circuit judge should have done; that is, grant a new trial on the ground of the dissatisfaction of that judicial officer with the verdict."

The court went on to say:

"So it is said that he must be satisfied, as well as the jury; that it is his duty to weigh the evidence; and, if he is dissatisfied with the verdict of the jury, he should set it aside. . . . In deciding the matter the circuit judge is not bound to give any reasons, any more than the jury is bound to do so. If he does give reasons for his action, this court looks to them only for the purpose of determining whether he passed upon the issues, and was *satisfied* or *dissatisfied* with the verdict thereon." (Emphasis ours.)

In *Curran v. State*, 157 Tenn. 7, 12, 4 S.W.2d 957, 958, the Supreme Court said:

"In civil cases at law it has been repeatedly held that the appellate courts will not review the sufficiency of the

evidence to sustain a verdict, unless the verdict has received the approval of the trial judge, and in *Turner v. Turner,* 85 Tenn. 387, 3 S.W. 121, this court said that the rule that a verdict will not be disturbed on appeal when supported by any material evidence 'is based mainly upon the consideration that the Circuit Judge has approved the verdict because satisfied with it, and *not because he has approved it, although dissatisfied with it.'* " (Emphasis ours.)

In *Tennessee Coal & Railroad Company v. Roddy,* 85 Tenn. 400, 403, 5 S.W. 286, 288, the Court said:

"The Court attaches great weight to the fact that the Circuit Judge, having seen and heard the witnesses testify, and having submitted the case to a jury known to himself, has stamped the verdict with his approval by refusing to grant a new trial. Much of the importance and weight attached to jury trials proceeds from the presumption that an intelligent and learned Circuit Judge, accustomed to weighing evidence, has scrutinized the proof, looked into the faces of the witnesses, and indorsed the action of the jury. The integrity and value of jury trial will largely disappear if Circuit Judges shall endeavor to avoid the duty imposed upon them by law in this regard."

As in accord, see *Railroad v. Neely,* 102 Tenn. 700, 52 S.W. 167; *State ex rel. v. Kenner,* 172 Tenn. 34, 109 S.W.2d 95; *Mize v. Skeen,* 63 Tenn.App. 37, 468 S.W.2d 733. Other cases to the same effect could be cited.

For the reasons indicated the judgment is reversed and the cause remanded for a new trial. Accrued costs of both courts are taxed to the appellee.

PARROTT, P. J. (E.S.), and GODDARD, J., concur.