**JAMES E. STRATES SHOWS, INC., Petitioner,**

v.

**Jack Louis JAKOBIK, Respondent.**

Supreme Court of Tennessee.

Aug. 15, 1977.

Hugh C. Gracey, Jr., Gracey, Maddin, Cowan & Bird, Nashville, for petitioner.

James C. Vance, Nashville, for respondent.

## OPINION

FONES, Justice.

Plaintiff sued defendants for personal injuries received in defendants' "fun house" on the Midway at the State Fair. After an adverse jury verdict, plaintiff's motion for a new trial was granted on November 10, 1975. The order expressed the dissatisfaction of the trial judge, as thirteenth juror, with the verdict of the jury.

On November 12, 1975, defendants filed a one sentence motion, ". . . to ask this Court to reconsider its prior ruling . . in granting plaintiff's motion for a new trial." Apparently, oral argument was heard on November 21, 1975, and the motion to reconsider taken under advisement, but no minute entry of that action was made.

On January 28, 1976, the trial judge granted the motion to reconsider, overruled plaintiff's motion for a new trial and reinstated the jury verdict in favor of defendants.

The Court of Appeals reversed, holding (1) that the comments of the trial judge in the second order, reversing his decision to grant plaintiff a new trial, did not cure the dissatisfaction he had expressed as thirteenth juror in the previous order and (2) that the trial court lost jurisdiction to alter his November 10, 1975, decision to grant a new trial, after the lapse of thirty (30) days.

We agree with the Court of Appeals on the first issue, which requires that the case be remanded for a new trial. The second issue is therefore moot and we pretermit it.

The November 10, 1975, order granting a new trial provided, in part:

". . . After due consideration of the entire record, the Court expressed that it was, as thirteenth juror, dissatisfied with the verdict of the jury and that a new trial should be granted to the plaintiff."

The January 28, 1976, order reversing the prior order and reinstating the jury verdict reads in part:

". . . After careful consideration of the entire record in this cause, the Court is of the opinion that its dissatisfaction with the jury's verdict in favor of the defendants was actually a dissatisfaction with the proof as presented by the plaintiff. The Court is of the opinion that there was evidence to support the verdict of the jury in its finding for the defendants and the Court cannot say that the verdict was unreasonable in light of the evidence presented by both sides in this case. The Court therefore, grants the defendant's motion to reconsider the Court's prior ruling and accordingly, by such action, reinstates the verdict of the jury in favor of the defendant in the above-styled cause."

■ Where the motion for a new trial asserts that the verdict was contrary to the weight of the evidence it is the duty of the trial judge to weigh the evidence and determine whether it preponderates against the verdict, and if so, to grant a new trial. *Vaulx v. Tennessee Central Railroad Company,* 120 Tenn. 316, 108 S.W. 1142 (1907).

■ In performing his duty as thirteenth juror, the trial judge is not bound to give any reasons for his action, anymore than the jury is bound to do so. But, in passing on a motion for a new trial, if it appears from reasons assigned or statements made, that the trial judge was not satisfied with the verdict, it is the duty of the appellate courts to grant a new trial. *Telephone and Telegraph Company v. Smithwick,* 112 Tenn. 463, 79 S.W. 803 (1903).

In *Vaulx* the trial judge's remarks in disposing of the motion for a new trial revealed that he sustained the verdict of the jury because there was evidence to support it. In holding that it was improper for the trial judge to sustain the verdict because there was some evidence to support it and thereby fail to *weigh* the evidence, the Court said:

"[w]here the bill of exceptions shows that the circuit judge has not given the parties the benefit of his reflections at all—that is, has not *weighed and considered* the evidence—here is presented a case of breach of duty on the part of that officer for which there must always be granted a new trial." (Emphasis supplied). 120 Tenn. at 322, 108 S.W. at 1144.

In *Hamburger v. Illinois Central R. R. Co.,* 138 Tenn. 123, 196 S.W. 144 (1917), the remarks of the trial judge and the action he had taken on two (2) motions resulted in this Court concluding that it was impossible to say whether or not the jury verdict had his approval. The case was remanded for a new trial.

In *Curran v. State,* 157 Tenn. 7, 4 S.W.2d 957 (1928), the remarks of the trial judge in overruling defendant's motion for a new trial led this Court to conclude that he had not weighed the evidence and determined, as thirteenth juror, where the preponderance lay. The opinion contains an excellent review of the earlier authorities.

Recently, the Court of Appeals, Eastern Division was presented with a case involving remarks by a trial judge stating his reasons for approving a jury verdict. The Court concluded from his remarks that he had disassociated himself from the deliberative process and instead had merely deferred to the verdict of the jury. In *Sherlin v. Roberson, Administrator,* 551 S.W.2d 700, filed October 15, 1976, certiorari denied March 14, 1977, an opinion designated for publication, Judge McAmis, writing for the Court said:

"To say, as the trial judge did in this case, that before the trial judge, acting as the thirteenth juror, should set aside a verdict it would have to be a verdict that he could not live with would be to adopt a standard relieving the judge of the duty to take an unbiased and dispassionate

view of the evidence, weigh it and determine whether the evidence preponderates in favor of the plaintiff or defendant or is equally balanced.

If the trial judge abdicates this important duty justice could often miscarry. On appeal the evidence cannot be weighed as in the trial court. As has been said so often, a verdict in a civil case approved by the trial judge cannot be overturned if there is any credible material evidence to support it. In view of the finality of his determination of the weight of the evidence as the thirteenth juror, it will not do to weaken the rule by implying approval by the trial judge from countervailing and irreconcilable remarks. To do so would be to strike at the very foundation of our judicial system as it pertains to jury trials."

For other cases interpreting remarks of the trial judge as negating the performance of his duty to weigh the evidence and approve or disapprove the verdict see e. g. *Mize v. Skeen,* 63 Tenn.App. 37, 468 S.W.2d 733 (1971); *State ex rel. Richardson v. Kenner et al.,* 172 Tenn. 34, 109 S.W.2d 95 (1937); *Carter v. Pickwick Greyhound Lines,* 166 Tenn. 200, 60 S.W.2d 421 (1933); and *Railroad v. Neely,* 102 Tenn. 700, 52 S.W. 167 (1899).

In this case, the order of November 10, 1975, unequivocally expressed dissatisfaction with the jury verdict in favor of defendants and was an implicit adjudication that the evidence preponderated against the verdict. Over two (2) months later, having reconsidered the same evidence, the trial judge said that, (1) his dissatisfaction was actually with the proof as presented by the plaintiff; (2) there was evidence to support the verdict; and (3) he could not say the verdict was unreasonable.

The Court of Appeals observed that the January 28, 1976, order, "contains a puzzling combination of expressions." Nevertheless, it is clear to us that in stating his reasons the trial judge affirmatively predicated his ruling upon a finding that there was some evidence to support the verdict and that viewing all of the evidence the verdict was not unreasonable. The clear implication from his remarks is that he did not weigh the evidence and determine whether it preponderated in favor of the plaintiff or defendants or was equally balanced, but merely determined that there was some evidence to support the verdict.

Under the authorities above cited we are required to remand this case for a new trial.

The judgment of the Court of Appeals is affirmed and this case is remanded to the Circuit Court of Davidson County for a new trial. Costs of the appeal are adjudged against the defendant, James E. Strates Shows, Inc.

COOPER, C. J., HENRY and BROCK, JJ., and LEECH, Special Justice, concur.