Lucille **HOLDEN** and Husband, Ronald Holden, Plaintiffs-Appellees,

v.

Dr. G.A. **RANNICK,**
Defendant-Appellant.

Supreme Court of Tennessee,
at Knoxville.

Dec. 26, 1984.

Jerry S. Jones, David R. Denny, Johnson City, for plaintiffs-appellees.

J. Paul Coleman, Walter Lee Price, Johnson City, for defendant-appellant.

## OPINION

BROCK, Justice.

This is a medical malpractice suit based *on the doctrine of informed consent*. The sole issue on appeal is whether the trial judge adequately performed his function as a thirteenth juror in approving the jury verdict in favor of the defendant.

The plaintiff's theory at trial was that her consent to undergo a simple mastectomy was invalid, because the defendant doctor obtained the consent from her without informing her that an alternate procedure, a subcutaneous mastectomy, was available and would produce better cosmetic results. The case was heard before a jury which returned a verdict for the defendant. The plaintiff filed a motion for new trial, asking the trial judge to weigh the evidence and find that it preponderated against the findings of the jury. The trial judge overruled the motion. The Court of Appeals reversed and remanded for a new trial, finding that the trial judge failed to perform his function as a thirteenth juror. We granted the defendant's application to review the action of the Court of Appeals, and we now affirm.

The duty of a trial judge to act as a thirteenth juror in a civil trial in Tennessee

is well established. The rule was described in *Cumberland Telephone & Telegraph Co. v. Smithwick* as follows:

"[T]his is one of the functions the circuit judge possesses and should exercise—as it were, that of a thirteenth juror. So it is said that he must be satisfied, as well as the jury; that it is his duty to weigh the evidence; and, if he is dissatisfied with the verdict of the jury, he should set it aside."

112 Tenn. 463, 469, 79 S.W. 803, 804 (1904).

■■■ Where a trial judge has simply approved the verdict without comment, an appellate court will presume that he has adequately performed his function as a thirteenth juror. *Central Truckaway System v. Waltner*, 36 Tenn.App. 202, 217, 253 S.W.2d 985, 991 (1952). If reasons are given, "this court looks to them only for the purpose of determining whether he passed upon the issues, and was satisfied or dissatisfied with the verdict thereon." *Smithwick, supra,* 112 Tenn. at 470, 79 S.W. at 805. If a trial judge, in discharging his duty as a thirteenth juror, makes comments which indicate that he has misconceived his duty as a thirteenth juror, an appellate court must reverse the trial judge and remand for a new trial. *See Nashville, C. & St. L.R. Co. v. Neely,* 102 Tenn. 700, 52 S.W. 167 (1899).

With the above stated principles in mind, we must examine the comments of the trial judge in overruling plaintiff's motion for new trial to determine if he adequately performed his function as a thirteenth juror. During the hearing on that motion, the trial judge made the statements indicated in the exchange set forth below:

"THE COURT: Well, of course, Mr. Jones, the Court doesn't substitute its judgment for that of the jury where the issue is fairly presented to the jury and in this case frankly I think it was. As I recall Dr. Rannick testified that this lady had an unholy and unnatural fear of having cancer.

"MR. JONES: He did.

"THE COURT: That she had had this cystic fribrosis [sic] disease for a good long while and that it was her insistence rather than his that the type surgery be done that was done. Again my recollection is that she had consulted with a plastic surgeon and that the plastic surgeon, I want to say Dhaliwal, is that, is that the one?

"MR. PRICE: That is correct, your Honor.

"THE COURT: Had actually come in before surgery and had marked her breasts showing where to cut and so forth with the cosmetics in mind that he was going to do some additional surgery later.

"MR. JONES: May I ask if your Honor agrees with the verdict of the jury?

"THE COURT: Yes, I do. The Court as I say does not substitute its judgment for that of the Plaintiff (sic) I would just as readily have agreed with the verdict the other way. The verdict neither way would have shocked the Court frankly. I thought the issues were very fairly put to the jury. I thought each side had a fair and full day in court and the jury made its decision and I approved the verdict, expressly approved the verdict so I respectfully overrule."

■■■ The comments of the trial judge, considered as a whole, indicate that he misconceived his duty as a thirteenth juror. Although the trial judge said that he agreed with the verdict for the defendant, he indicated that he would also have agreed with a verdict for the plaintiff. That position is inconsistent with his duty to weigh the evidence and pass on the issues. If a trial judge properly weighs the evidence and passes on the issues, he will not find that the evidence does not preponderate in favor of the plaintiff because the verdict is for the defendant, but would preponderate in favor of the plaintiff if the verdict had been for the plaintiff.

The trial judge stated that he expressly approved the verdict. It appears from the context of that statement, however, that he approved the verdict because he felt that the case was fairly presented and he was not shocked by the verdict, rather than

because he reached the same verdict as the jury after independently weighing the evidence and passing upon the issues. Twice the trial judge stated that the court does not substitute its judgment for that of the jury. Those statements reveal a mistaken belief on his part that he was under no duty to pass upon the issues.

Because the trial judge stopped short of making an independent decision on the issues presented by the case, and deferred to the judgment of the jury, he failed to perform his duty as a thirteenth juror. The Court of Appeals correctly reversed his decision and remanded the case for a new trial.

The judgment of the Court of Appeals is affirmed. Costs are taxed to the appellant.

COOPER, C.J., and FONES, HARBISON and DROWOTA, JJ., concur.