IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 15, 2004 Session

## TOMMY DAVIS CRAIG v. DAVID ROBERT DISON

**Appeal from the Circuit Court for Cheatham County**
**No. 5272     Allen W. Wallace, Judge**

_____

**No. M2003-00419-COA-R3-CV - Filed August 5, 2004**

_____

This appeal involves an unsuccessful plaintiff who seeks review of a jury verdict. Plaintiff argues that the trial judge failed to perform his function as a thirteenth juror. We agree and reverse and remand for a new trial.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed.**

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which WILLIAM B. CAIN, and FRANK G. CLEMENT, JR., JJ., joined.

Isham B. Bradley, Brentwood, Tennessee, for the appellant, Tommy Davis Craig.

William G. McCaskill, Jr., Nashville, Tennessee, for the appellee, David Robert Dison.

## OPINION

Plaintiff, Tommy Craig, a self-employed handyman, was shot in the leg by an errant bullet fired by the defendant, David Dison, who was attempting to scare off some stray dogs in his yard. At the time of the incident, plaintiff was remodeling the kitchen of David and Holly Goddard, whose house was across the road from the Disons. The evidence indicates that one of the bullets fired by Mr. Dison ricocheted off the ground and through the wall of the house in which Plaintiff was working.

Plaintiff sued Mr. Dison alleging negligence and sought damages for loss of employment, medical expenses and pain and suffering.[1] At the close of plaintiff's proof, the trial court granted the defendant's motion for a directed verdict on the issues of his alleged intoxication and on the issue of punitive damages. During deliberations, the jury asked the trial court whether they could award

_____

[1]Plaintiff also sued the Goddards. The trial court granted the Goddard's motion for summary judgment and dismissed them from the lawsuit.

plaintiff his medical expenses if they did not find the defendant negligent. The trial court instructed the jury that they could not. The jury returned a verdict for defendant.

Plaintiff moved for a new trial predicated on the ground that the jury verdict was contrary to both the law and weight of the evidence. Specifically, plaintiff argued in his motion that:

> In this case there was no dispute as to the facts. The Defendant discharged a weapon and the Plaintiff was struck in the leg by a bullet from the Defendant's gun. The Plaintiff suffered injuries, medical expenses and loss of work as a result of the Defendant's action. The amount of such losses may have been in dispute, but there was no question that the Plaintiff suffered damages. In fact, during closing argument to the Jury, the Defendant's counsel acknowledged liability for the Plaintiff's medical expenses, thus acknowledging Defendant's negligence. The Jury was apparently confused by the Defendant's admission of liability for medical expenses and their erroneous understanding of the Court's instructions regarding negligence since the Jury returned and asked whether they had to find negligence in order to award medical expenses.

The trial court denied the motion[2], and entered an order finding:

> Defendant admitted he shot into the ground and obviously the bullet ricocheted. Whether the defendant should have foreseen such a happening or whether shooting into the ground itself was negligent are questions for the jury. Obviously the jury found these issues in favor of the defendant.

> The Court has carefully considered this Motion for a New Trial in the light of the Court's opinion that plaintiff's credibility was, at the best, questionable, especially as to injuries and damages. In such cases, the jury may even punish the defendant[3] on the question of liability. However, the Court is of the opinion that in spite of the plaintiff's questionable testimony on injuries and damages, the jury's verdict as to liability was within their province, and the Court cannot as a thirteenth juror disagree with their verdict.

On appeal, plaintiff argues that the trial court improperly overruled his motion for a new trial[4] and that the trial court failed to perform its function as a thirteenth juror.

---

[2] There is no transcript of the motion for new trial hearing in the record.

[3] During oral argument, counsel confirmed this court's assumption that the trial court meant to say plaintiff instead of defendant.

[4] Plaintiff asserts there was no material evidence to support the verdict. We need not reach this issue, since we are remanding the case for a new trial on other grounds.

2

One of the functions assigned to a trial judge when a motion for a new trial is filed, and one it must perform, is that of a thirteenth juror. *Holden v. Rannick*, 682 S.W.2d 903, 904-05 (Tenn. 1984) (quoting *Cumberland Telephone & Telegraph Co. v. Smithwick*, 112 Tenn. 463, 469, 79 S.W. 803, 804 (1904)). In this capacity, the trial judge is under a duty to independently weigh the evidence and determine whether the evidence preponderates in favor of or against the verdict. *Woods v. Walldorf & Co., Inc.*, 26 S.W.3d 868, 873 (Tenn. Ct. App. 1999) (quoting *Shivers v. Ramsey*, 937 S.W.2d 945, 947 (Tenn. Ct. App. 1996)); *Witter v. Nesbit*, 878 S.W.2d 116, 121 (Tenn. Ct. App. 1993); *Grissom v. Metropolitan Gov't of Nashville and Davidson Co.*, 817 S.W.2d 679, 684 (Tenn. Ct. App. 1991). The trial judge, after making an independent decision on the issues, must be satisfied with the verdict, and, if dissatisfied, must set it aside. *Holden*, 682 S.W.2d at 905.

In *Holden*, the trial court explained its denial of plaintiff's motion for new trial as follows:

> The Court as I say does not substitute its judgment for that of the Plaintiff (sic) I would just as readily have agreed with the verdict the other way. The verdict neither way would have shocked the Court frankly. I thought the issues were very fairly put to the jury. I thought each side had a fair and full day in court and the jury made its decision and I approved the verdict. . . .

*Id.* The Supreme Court reversed, finding that the trial court "had stopped short of making an independent decision on the issues presented by the case, and deferred to the judgment of the jury, he failed to perform his duty as a thirteenth juror." *Id.* at 906.

Where a trial judge approves the verdict without comment, an appellate court will presume that the judge has adequately performed her function as a thirteenth juror. *Holden*, 682 S.W.2d at 905 (citing *Central Truckaway Sys. v. Waltner*, 36 Tenn. App. 202, 217, 253 S.W.2d 985, 991 (1952)). The trial court, like the jury, is not bound to give reasons for its action in granting or denying a new trial based on the preponderance of the evidence. *James E. Strates Shows, Inc. v. Jakobik*, 554 S.W.2d 613, 615 (Tenn. 1977). Where the reasons given by the trial court, or statements made, in ruling on the motion for new trial indicate the trial court was actually dissatisfied with the verdict or misapprehended its function as the thirteenth juror, appellate courts are required to grant a new trial. *Holden*, 682 S.W.2d at 905; *Jakobik*, 554 S.W.2d at 615.

> The discretion permitted a trial judge in granting or denying a new trial is so wide that our courts have held that he does not have to give a reason for his ruling. If he does give reasons, the appellate court will only look to them for the purpose of determining whether he passed upon the issue and was satisfied or dissatisfied with the verdict. *Wakefield v. Baxter*, 41 Tenn. App. 592, 297 S.W.2d 97; *State v. Kenner*, *supra*. If the trial judge does not give a reason for his action, the appellate courts will presume he did weigh the evidence and exercised his function as thirteenth juror. *Gordon's Transports v. Bailey*, 41 Tenn. App. 365, 294 S.W.2d 313; *Benson v. Fowler*, 43 Tenn. App. 147, 306 S.W.2d 49.

3

*Mize v. Skeen*, 63 Tenn. App. 37, 43, 468 S.W.2d 733, 736 (Tenn. Ct. App. 1971).

In *Miller v. Doe*, 873 S.W.2d 346 (Tenn. Ct. App. 1993), this court found that the trial court had not adequately performed its function as thirteenth juror despite the fact, it had stated: "I approve the verdict of the jury." In *Miller*, during the hearing on the motion for new trial, the trial court addressed plaintiff's counsel in a fairly lengthy exchange which is only excerpted here:

> Well, what makes the judge any smarter than the jury in this case; I mean, you had a sympathetic client. I have to say that. No person, judge included, would feel other than empathy toward the situation in which she's found herself. . . . I'm not inclined to interfere with the verdict of the jury, and I approve the verdict of the jury.

*Id.* at 347-348. This court considered the trial court's comments as "deferential" to the jury and found nothing in the record to indicate that the trial court had independently weighed the evidence, as required as the thirteenth juror. *Id* . at 349.

In *Sherlin v. Roberson*, 551 S.W.2d 700 (Tenn. Ct. App. 1976), this court found that the trial court had not affirmatively approved the verdict as the thirteenth juror and reversed the trial court's denial of plaintiff's motion for a new trial. In denying plaintiff's motion for new trial, the trial court had explained that "I can't say that the jury reached the wrong verdict. I can't say that they reached the right verdict." *Id.*

Yet another example of this court finding, based on statements by a trial court, that the trial court had misconceived its role as the thirteenth juror is found in *McLaughlin v. Broyles*, 36 Tenn. App. 391, 255 S.W.2d 1020, 1022(1952). There, the trial court had improperly overruled plaintiff's motion for new trial stating that: "In these cases where the evidence is in sharp conflict the Court does not feel that he has a right to interfere with the verdict of the jury. . . ." This court found that the trial court had reservations about the verdict and had not independently weighed the evidence. *See generally Davidson v. Lindsey*, 104 S.W. 3d 483, 491 (Tenn. 2003) (finding trial court properly acted as thirteenth juror by stating "I rest very easy with the amount of the verdicts").

The record before us indicates that the trial judge did not properly perform the function of thirteenth juror by independently assessing the evidence and the issues and affirmatively approving the verdict. Here, the trial court never expressly approved the verdict, but instead theorized as to how the jury returned a verdict against the plaintiff and then stated he "could not disagree with the

4

verdict." Because the trial judge stopped short of making an independent decision concerning whether the jury verdict was contrary to the weight of the evidence, we reverse the trial court's decision and remand the case for a new trial. The costs of the appeal are taxed to the defendant, David Robert Dison.

_____
PATRICIA J. COTTRELL, JUDGE