IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
SEPTEMBER 3, 2008 Session

## JULIE A. BELLAMY v. CRACKER BARREL OLD COUNTRY STORE, INC. and PAUL LUDOVISSIE

Direct Appeal from the Chancery Court for Wilson County
No. 06145     Charles K. Smith, Chancellor

No. M2008-00294-COA-R3-CV - Filed December 30, 2008

In this appeal, we are asked to determine whether the trial judge erred by failing to exercise his role as thirteenth juror in denying Appellant's motion for a new trial. In support of her argument, Appellant urges this Court to consider comments the trial judge made in ruling on Appellees' motions for a directed verdict; the Statement of the Evidence, Response, Reply, and Surreply; and Appellees' proposed order, in which the trial judge struck certain language. Appellees, however, contend that this material is either not properly reviewable by this Court or does not bear on the issue of whether the thirteenth juror standard was met. We reverse and remand for a new trial.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Reversed and Remanded**

ALAN E. HIGHERS, P.J.,W.S., delivered the opinion of the court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

Douglas B. Janney, III, Nashville, TN, for Appellant

Robert W. Horton, Leslie Goff Sanders, Nashville, TN, for Appellees

# OPINION

## I. FACTS & PROCEDURAL HISTORY

Julie Bellamy ("Appellant" or "Ms. Bellamy") was employed by Cracker Barrel Old Country Store, Inc. ("Appellee" or "Cracker Barrel") as a Restaurant Manager or as a General Manager from June 2003 until March 17, 2006. Paul Ludovissie ("Appellee" or "Mr. Ludovissie") was also employed by Cracker Barrel as a District Manager and had supervisory authority over Ms. Bellamy after her promotion to General Manager. On May 3, 2006, Ms. Bellamy filed an Amended Complaint in the Chancery Court for Wilson County against both Cracker Barrel and Mr. Ludovissie (collectively "Appellees") for damages for gender discrimination, hostile work environment harassment, and retaliation under the Tennessee Human Rights Act,[1] the Tennessee Public Protection Act,[2] and Tennessee common law. Appellant contended that Ludovissie maintained a hostile and abusive working environment by "inquir[ing] into [Appellant's] personal and private life during work hours, ask[ing] who she was dating, t[elling] her not to date certain individuals, and tr[ying] to exercise control over [her] personal life." Furthermore, Appellant's Amended Complaint alleged that Mr. Ludovissie "treated [her] differently and less favorably than similarly situated male employees because she [was] female[,]" "frequently yelled and cursed at [Appellant] while she was at work[,]" "made belittling and inappropriate statements to [Appellant,]" "threatened [Appellant] and her continued employment[,]" and "knocked over chairs, struck objects, and threw objects in [Appellant's] presence and vicinity." Appellant stated that when she reported Mr. Ludovissie's conduct, "[Appellees] retaliated against [her] and took steps to ensure that she would be fired for reporting Ludovissie's conduct." According to Ms. Bellamy's Amended Complaint, Cracker Barrel stated that her termination was due to "specific reasons related to her job performance[;]"however, "other managerial employees [who had] engaged in the same or worse alleged conduct . . . [had] not been fired."

In their Answer, Appellees denied that Appellant was entitled to the relief requested. Instead, Appellees maintained that it was only after Cracker Barrel suspended Appellant pending an investigation "into numerous allegations of wrongdoing at the Cracker Barrel restaurant under her management, including sexual harassment and drug dealing[,]" that Appellant complained about Mr. Ludovissie's conduct. Appellees further noted that Cracker Barrel "conducted a thorough investigation into [Appellant's] complaints" and that none of the witnesses identified by Appellant corroborated her allegations.

Appellant voluntarily dismissed her gender discrimination and hostile work environment claims and a jury trial was held from November 26, 2007 through November 30, 2007 on Appellant's retaliation claim. The jury returned a verdict for the Appellees answering "no" to the following question: "[D]o you find by a preponderance of the evidence that plaintiff actually and

---

[1] Tenn. Code Ann. § 4-21-101, *et seq.*

[2] Tenn. Code Ann. § 50-1-304.

reasonably believed that the conduct of Paul Ludovissie about which she complained was based on her gender[.]" Following the trial, on January 7, 2008, the Chancellor entered an Order accepting the finding of the jury and dismissing with prejudice Appellant's retaliation claims under the Tennessee Human Rights Act, the Tennessee Public Protection Act, and Tennessee common law.

Appellant filed a Motion for New Trial on December 11, 2007, providing several grounds, including that the verdict was "against the weight of the evidence" and "contrary to the law." After a hearing, the Chancery Court denied Appellant's motion and entered an Order Denying Plaintiff's Motion for a New Trial on January 11, 2008.[3]  This appeal followed.

## II. ISSUES PRESENTED

Appellant has timely filed her notice of appeal and presents the following issue for review:
1.   Whether the Court must reverse the trial court's judgment denying Plaintiff-Appellant's motion for a new trial and remand this case for a new trial where the trial court made statements and took action demonstrating that it misconceived and failed to perform its function as thirteenth juror.
Additionally, Appellee presents the following issues for review:[4]
2.   Whether this Court may properly review the trial court's comments during the hearing on the motion for a directed verdict;

3.   Whether this Court may properly review the proposed order;
4.   Whether this Court may properly review the trial court's statements during the hearing on the motion for a new trial as the Statement of the Evidence, Response, Reply, and Surreply provide conflicting accounts of the hearing.

For the following reasons, we reverse the decision of the chancery court.

---

[3] This Order Denying Plaintiff's Motion for a New Trial, dated January 11, 2008, was re-entered on January 16, 2008.

[4] Although the portion of Appellees' appellate brief entitled Statement of Issue Presented for Review lists only the issue presented by Appellant, Appellee's Statement of the Facts and Summary of Argument sections raise these additional sub-issues which must be answered in order to resolve Appellant's issue.

# III. STANDARD OF REVIEW

This Court will set aside a jury's findings of fact only if there is no material evidence to support the verdict. **Tenn. R. App. P. 13(d)**. "'When addressing whether there is material evidence to support a verdict, an appellate court shall: (1) take the strongest legitimate view of all the evidence in favor of the verdict; (2) assume the truth of all evidence that supports the verdict; (3) allow all reasonable inferences to sustain the verdict; and (4) discard all [countervailing] evidence.'" **Mabey v. Maggas**, No. M2006-02689-COA-R3-CV, 2007 WL 2713726, at *4 (Tenn. Ct. App. Sept. 18, 2007) (quoting *Whaley v. Perkins*, 197 S.W.3d 665, 671 (Tenn. 2006)). This Court, in considering a jury verdict, must not reweigh the evidence or decide where the preponderance lies. **Crabtree Masonry Co., Inc. v. C & R Constr. Inc.**, 575 S.W.2d 4, 5 (Tenn. 1978). Instead, we "are limited to determining whether there is material evidence to support the verdict." **Id.** "If there is any material evidence to support the verdict, it must be affirmed, or else the parties would be deprived of their constitutional right to a trial by jury." **Mabey**, 2007 WL 2713726, at *4 (citing *Crabtree*, 575 S.W.2d at 5).

# IV. DISCUSSION

"The duty of a trial judge to act as thirteenth juror in a civil trial in Tennessee is well established." **Holden v. Rannick**, 682 S.W.2d 903, 904-05 (Tenn. 1984). Our Supreme Court in *Cumberland Telephone Co. v. Smithwick*, 79 S.W. 803, 804 (1904), described the rule by stating:

> [T]his is one of the functions the circuit judge possesses and should exercise–as it were, that of a thirteenth juror. So it is said that he must be satisfied, as well as the jury; that it is his duty to weigh the evidence; and if, he is dissatisfied with the verdict of the jury, he should set it aside.

Thus, when a motion for a new trial is filed, the trial court is required to "independently weigh the evidence and determine whether the evidence 'preponderates' in favor of or against the verdict." **Blackburn v. CSX Transp., Inc.**, No. M2006-01352-COA-R10-CV, 2008 WL 2278497, at *6 (May 30, 2008) (citing *Woods v. Walldorf & Co. Inc.*, 26 S.W.3d 868, 873 (Tenn. Ct. App. 1999); *Shivers v. Ramsey*, 937 S.W.2d 945, 947 (Tenn. Ct. App. 1996); *Witter v. Nesbit*, 878 S.W.2d 116, 121 (Tenn. Ct. App. 1993)). If, in the trial judge's opinion, the verdict is "against the weight of the evidence or contrary to law," the trial judge must grant a new trial, "and he cannot refuse it to save time or avoid the expense of another trial." **Wakefield v. Baxter**, 297 S.W.2d 97, 99 (Tenn. Ct. App. 1956) (citing *State ex rel. Richardson v. Kenner*, 109 S.W.2d 95, 97 (Tenn. 1937); *Turner v. Turner*, 3 S.W. 121 (Tenn. 1887)). In 2003, our Supreme Court, in *Davidson v. Lindsey*, 104 S.W.3d 483, 488 (Tenn. 2003), "reaffirmed" the thirteenth juror standard "that had been the law in Tennessee

[for] almost 100 years[,]"[5] ***Blackburn***, 2008 WL 2278497, at *6-7, and examined the rule's rationale:

> The reasons given for the rule are, in substance, that the circuit judge hears the testimony, just as the jury does, sees the witnesses, and observes their demeanor upon the witness stand; that, by his training and experience in the weighing of testimony, and the application of legal rules thereto, he is especially qualified for the correction of any errors into which the jury by inexperience may have fallen, whereby they have failed, in their verdict, to reach the justice and right of the case, under the testimony and the charge of the court . . . .

***Id.*** (quoting *Cumberland Tel. & Tel. Co.*, 79 S.W. at 804).

Before approving a verdict, a trial judge must always weigh the evidence and determine that the evidence preponderates in favor of the verdict, such that the trial judge is "independently satisfied" with the verdict. ***Mabey***, 2007 WL 2713726, at *6 (citing *Holden*, 682 S.W.2d at 906). However, the trial judge is not required to expose his mental processes in exercising his role as thirteenth juror. "In deciding [a motion for a new trial], the . . . judge is not bound to give any reasons, any more than the jury itself is bound to do so." ***Wakefield***, 297 S.W.2d at 99. He is not required to "make an express statement that the preponderance of the evidence supported the verdict." ***Mabey***, 2007 WL 2713726, at * 7 (citing *Taylor v. Jones*, Greene Law No. 148, 1991 WL 69049, at *3 (Tenn. Ct. App. W.S. Apr. 30, 1991)). If the trial judge simply approves the verdict without comment, this Court "must presume that the trial judge . . . weighed the evidence and adequately performed his function as the thirteenth juror." ***Mabey***, 2007 WL 3713726, at *6 (citing *Holden*, 682 S.W.2d at 905; *Gordon's Transps., Inc.*, 294 S.W.2d at 321). It is for this reason that we suggested in *Miller v. Doe*, 873 S.W.2d 346, 349 (Tenn. Ct. App. 1993), that "when a trial judge overrules a motion for new trial, . . . he simply state that he has reviewed the evidence relevant to the issues and approves the verdict. Anything more unnecessarily runs the risk of an unwanted new trial."

When a trial judge fails to heed our advice and offers comments concerning a motion for a new trial, we must determine whether the trial judge, after reviewing the evidence, was satisfied with the verdict. ***Mabey***, 2007 WL 2713726, at *6 (citing *Heath v. Memphis Radiological Prof'l Corp.*, 79 S.W.3d 550, 554 (Tenn. Ct. App. 2001)). "If it appears from any reasons assigned or statements made in passing on a motion for a new trial that the trial judge was not actually satisfied with the verdict, it is the duty of the appellate courts to grant a new trial . . . ." ***Id.*** (citing *Holden*, 682 S.W.2d at 905*; James E. Strates Shows, Inc. v. Jakobik*, 554 S.W.2d 613, 615 (Tenn. 1977); *Shivers*, 937

---

[5] The thirteenth juror rule, with respect to criminal cases, was judicially abandoned in this state for a time in *State v. Cabbage*, 571 S.W.2d 832 (Tenn. 1978), but was reinstated by Tenn. R. Crim. P. 33(f) in 1991. ***State v. Moats***, 906 S.W.2d 431, 434, 434 n.1 (Tenn. 1995).

S.W.2d at 947; *Miller*, 873 S.W.2d at 348; *Sherlin v. Roberson*, 551 S.W.2d 700, 700 (Tenn. Ct. App. 1976)); *see also Miller*, 873 S.W.2d at 347 ("[I]f in discharging his duty as thirteenth juror, the trial judge makes comments which clearly indicate that he has misconceived his duty or clearly has not followed it, this court must reverse and remand the case for a new trial.").

After reviewing a number of cases involving challenges to a trial judge's execution of his role as thirteenth juror, this Court finds two inter-related primary errors often made by trial judges in ruling on motions for a new trial. First, many trial judges have erred by simply deferring to the jury. For example, in *Miller*, 873 S.W.2d at 347-48, the trial judge, in ruling on a motion for a new trial, stated:

> Well, what makes the judge any smarter than the jury in this case; I mean, you had a sympathetic client. I have to say that. No person, judge included, would feel other than empathy toward the situation in which [plaintiff's] found herself . . .
>
> Well, the jury in this case had the benefit of two prepared and good lawyers, which isn't always the case. The case was well presented. I think the issues were clear, although obviously contested.
>
> I'm not inclined to interfere with the verdict of the jury, and I approve the verdict of the jury. I understand your arguments, but the jury heard all these things and the jury decided the case against you. Your motion for a new trial is respectfully overruled.

Although the trial judge at one point stated, "I approve the verdict of the jury[,]" this court found that the "remark [could] not be dissociated from the surrounding comments by the trial court . . . all of which indicate[d] that . . . he simply deferred to the verdict of the jury without independently weighing the evidence and fulfilling his role in passing on the issues presented to the jury." *Id.* at 349-50. Thus, because the trial judge neglected his duty under the thirteenth juror standard, we remanded the case for a new trial. *Id.* Likewise, in *McLaughlin v. Broyles*, 255 S.W.2d 1020, 1022-23 (Tenn. Ct. App. 1953), in ruling on the plaintiff's motion for a new trial, the trial judge commented, "In these cases where the evidence is in sharp conflict the Court does not feel that he has a right to interfere with the verdict of the jury, and overrules the motions." In remanding for a new trial, this Court explained, "It affirmatively appears that the learned trial judge did not exercise that exclusive and independent judgment required of him as the thirteenth juror. . . . The trial judge cannot evade or avoid his duty in this respect by placing the responsibility upon the jury." *Id.* at 1023. Finally, in *Holden*, our Supreme Court remanded for a new trial where the trial judge appeared to "approve[] the verdict because he felt that the case was fairly presented and he was not shocked by the verdict, rather than because he reached the same verdict as the jury after independently weighing the evidence and passing upon the issues." 682 S.W.2d at 905-06 ("Twice the trial judge stated that the court does not substitute its judgment for that of the jury. Because the trial judge stopped short of making an independent decision on the issues presented by the case, and

deferred to the judgment of the jury, he failed to perform his duty as thirteenth juror."). These cases clearly show that by deferring to a jury's verdict, a trial judge fails in his duty to independently weigh the evidence and to ensure his satisfaction with the verdict, as required by the thirteenth juror standard.

The second primary error commonly committed by trial judges in ruling on motions for a new trial is indicating indifference to the jury's verdict. For example, in *Holden*, 682 S.W.2d at 905, the trial judge commented that "[he] would just as readily have agreed with the verdict the other way. The verdict neither way would have shocked the Court frankly." We found that "[a]lthough the trial judge said that he agreed with the verdict for the defendant, he indicated that he would also have agreed with a verdict for the plaintiff[,]" and this "position [was] inconsistent with his duty to weigh the evidence and pass on the issues." *Id.* Similarly, in *Sherlin*, 551 S.W.2d at 700-01, the trial judge stated:

> I can't say the jury reached the wrong verdict. I can't say that they reached the right verdict. Before I would as a thirteenth juror . . . set the verdict aside, it would have had to have been a verdict that I couldn't live with, and that was not the case in this case. I thought it was a case that could have gone either way, very much so. . . . I can't say that I can't agree with what the jury did.

In remanding for a new trial, this Court noted:

> With deference to the trial judge, it seems to us that when he said he could not say the verdict of the jury was right there was a clear disavowal of approval. The statement immediately following, that he could not say the verdict was wrong, cannot be taken as neutralizing the first statement. Taking the two statements and considering them together would indicate that the judge had no opinion either way. These statements considered in context with the pro forma approval of the verdict with which he concluded his remarks seem to show that, notwithstanding his lack of conviction, the court was deferring to the verdict of the jury and disclaiming any opinion of his own. When he stated he could not say the verdict was right he failed to do precisely what he must do before rendering judgment on the verdict. . . . [The judge's remarks] make it appear he disassociated himself from the deliberative process which is the peculiar and exclusive province of the jury of which the presiding judge is as much a member as jurors sitting in the jury box. . . . To say . . . that before the trial judge, acting as thirteenth juror, should set aside a verdict it would have to be a verdict that he could not live with would be to adopt a standard relieving the judge of the duty to take an unbiased and dispassionate view of the evidence, weigh it and determine

-7-

whether the evidence preponderates in favor of the plaintiff or defendant or is equally balanced. If the judge abdicates this important duty justice could often miscarry.

*Sherlin*, 551 S.W.2d at 701. Additionally, this Court, in *Craig v. Dison*, No. M2003-00419-COA-R3-CV, 2004 WL 1756056, at *3 (Tenn. Ct. App. Aug. 5, 2004), found that the thirteenth juror standard had not been complied with where the trial judge stated that he "could not disagree with the verdict." We found that this statement indicated the trial judge's failure to make an independent evaluation of the verdict's correctness. *Id.* Finally, in another case, our Supreme Court remanded for a new trial where the trial judge acknowledged that he "[could not] say that the verdict was unreasonable in light of the evidence presented by both sides in this case." *Jakobik*, 554 S.W.2d at 615. The Court found that "the trial judge affirmatively predicated his ruling upon a finding that there was some evidence to support the verdict and that viewing all of the evidence[,] the verdict was not unreasonable[,]" such that the thirteenth juror standard was not satisfied. *Id.* at 616.

On appeal, Appellant asserts that the chancery court made statements and took action demonstrating that it misconceived and failed to perform its function as thirteenth juror. The appellant carries the burden of affirmatively proving that the trial judge failed to exercise his function as thirteenth juror. *Mabey*, 2007 WL 2713726, at *6 (citing *Gordon's Transps., Inc. v. Bailey*, 294 S.W.2d 313, 321 (Tenn. Ct. App. 1956)). Appellant points to three pieces of evidence that she claims show the Chancellor failed to fulfill his duty as thirteenth juror: (1) the Chancellor's comments following Appellees' Motions for Directed Verdict; (2) Cracker Barrel's Proposed Order; and (3) Appellant's Statement of the Evidence, Defendant's Response, Plaintiff's Reply, and Defendant's Surreply. We address the admissibility and substance of each, in turn.

### A. Chancellor's Comments

Appellant asks this Court to consider statements the trial judge made in denying Appellees' motions for a directed verdict. The transcript of the excerpt of the trial proceedings reveals that the trial judge did make several statements in ruling on Appellees' motion for a directed verdict at the close of Appellant's case. However, at the close of all proof, when Appellees renewed their motion, the trial judge simply stated that "I'm going to deny it on the same reason that I stated the other day." Appellant contends that these comments demonstrated that "the court disagreed with the position that the evidence presented did not establish that the conduct [Appellant] reported was based at least in part on sex or gender" and thus disagreed with the jury's finding that the plaintiff did not actually and reasonably believe that Mr. Ludovissie's conduct was based on Appellant's gender. The pertinent comments, made at the close of Appellant's proof, are as follows:

> I just . . . don't believe [Mr. Ludovissie] would have . . . there's proof
> in here that he didn't do that toward any men. And I can't imagine
> that happening toward a man anyway, wanting to know who they
> were going to be dating afterwards or getting upset because this guy

-8-

told him he wasn't going to go out with some particular girl and did go out with the girl.

> You know, I see a sexual overtone here, and I think the jury . . . could draw that.

> . . . .
> I believe almost anybody with any common sense . . . because he apologized for asking about who – the only thing he could have apologized about was, he apologized to her about, ["]who are you going to stay with . . . that's more important than the team and spend the night with["] . . . . He apologized for that.

> Well, obviously Mr. Warner [Mr. Ludovissie's supervisor, to whom Ms. Bellamy complained] . . . knew that she was complaining about him treating her differently – about him treating her or asking her about – invading her privacy or sex life or gender or whatever this is here. He knew that or he wouldn't have called and told him, ["]You don't need to do that.["]

> It was obviously about that. He knew – Warner is not an idiot. He knew what was going on.

> . . . .

> Well, now, I find – this is what I find. [Ms. Bellamy] put the company on notice of this conduct . . . when she called Warner and said to Warner . . . ["]Look, this guy is prying into my personal life. He wants to know who I'm going to be going out with, who I'm going to be staying with, and who it's more important for me to be staying with than his group in blue.["]

> I don't like that. I don't think [Mr. Ludovissie] has a right to do that. And see . . . Warner knew that she was complaining about that, and that put him on adequate notice of that conduct.

We find that the trial judge's statements made in the context of the motion for a directed verdict do not indicate that he failed to apply the thirteenth juror standard. In *Mabey*, 2007 WL 2713726, at *7, we found the trial judge's statements in denying appellant's motions for directed verdict, that "I believe there's a continuing issue of material fact for the jury to decide," and "I think it is a jury question[,]" did not suggest that the trial judge failed to perform his duty as thirteenth juror. Instead, we noted that the judge was "merely recogniz[ing] that there was ample evidence for the case to go to the jury because reasonable minds could differ as to the conclusion to be reached."

*Id.* Likewise, we find in the instant case, as these statements were made in the context of a motion for directed verdict, that the trial judge was merely explaining his grounds for denying Appellees' motions–that there existed "material evidence in the record which would support a verdict for the plaintiff." ***Jamestown on Signal, Inc. v. First Fed. Savs. & Loan Ass'n***, 807 S.W.2d 559, 564 (Tenn. Ct. App. 1990).

### B. Proposed Order

Additionally, Appellant asks this Court to consider, as evidence of the trial judge's failure to exercise his duty as thirteenth juror, Appellees' proposed order in which the trial judge crossed through the sentence, "As thirteenth juror, the Court agrees with the jury verdict and agrees that the preponderance of the evidence is in favor of the defendants." Both parties agree that at the conclusion of the hearing, after the trial court denied Appellant's Motion for a New Trial, Appellees asked the trial court to sign an order that read:

> This cause came to be heard on [Appellant's] motion for a new trial, memoranda, and statements of counsel, and the entire record in this case, from all of which it appears that the motion is not well taken and should be denied. *As thirteenth juror, the Court agrees with the jury verdict and agrees that the preponderance of the evidence is in favor of the defendants*. (emphasis added).

Although there is dispute as to why, both parties agree that the trial court struck the last sentence of the proposed order, and instead entered an order reading:

> This cause came to be heard on [Appellant's] motion for a new trial, memoranda, and statements of counsel, and the entire record in this case, from all of which it appears that the motion is not well taken and should be denied.

Appellant maintains that after marking through the last sentence of the proposed order, "[t]he Court then expressly stated that it did not agree with the order as it was written." However, Appellees contend that the court merely "expressed reluctance at including the [last] sentence[,]" as "he thought the standard was inappropriate."

In their brief, Appellees maintain that this Court should not consider the proposed order as it is not a "pleading," "deposition or other discovery," or an "evidentiary filing . . . authenticated or stipulated to by the parties." We need not consider whether the proposed order is appropriate for appellate review. Because Appellant's Statement of the Evidence and Appellees' Response dispute the trial judge's motive for striking the language, we cannot determine whether such action was taken because the trial judge did not agree that the preponderance of the evidence was with Appellees or because he simply believed the language superfluous. Thus, proving that the trial

judge struck a portion of the proposed order does not meet Appellant's burden of "affirmatively proving that the trial judge failed to exercise his function as thirteenth juror."

## C. *Statement of the Evidence*

Finally, Appellant asks this Court to find, based on the trial judge's statements at the hearing on the motion for new trial, that the trial judge failed to exercise his duty as thirteenth juror. Tennessee Rule of Appellate Procedure 24(b) provides that "the appellant shall have prepared a transcript of such part of the evidence or proceedings as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." However, if no transcript is available, "the appellant shall prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection." **Tenn. R. App. P. 24(c)**.

We must note that this Court has not been provided a transcript of the hearing on Appellant's motion for a new trial. Appellant, under Rule 24(c), did submit a Statement of the Evidence from such hearing. However, pursuant to Rule 24(c), Appellees filed a Response to Appellant's Statement of the Evidence, essentially providing their own statement of evidence, by objecting to Appellant's recollection of the proceeding, and setting forth Appellees' version of the hearing. Rather than reconciling the contradictory versions, as contemplated by Rule 24(e) and requested by Appellees, the trial court merely certified both Appellant's and Appellees' accounts by certifying the record, which included the Statement of the Evidence, Appellees' Response, Appellant's Response, and Appellees' Surreply.

This Court has considered the difficult situation when the trial court approves both parties' statements of the evidence or fails to settle inconsistencies between a party's statement of the evidence and the objections to it. In *Armstrong v. Armstrong*, No. D13665-1, 1988 WL 5679, at *1 (Tenn. Ct. App. W.S. Jan. 28, 1988), after the appellant filed his statement of the evidence, the appellee initially filed an objection, but later filed her own statement of the evidence. Subsequently, both parties submitted a consent order asking the trial court to approve both parties' statements of the evidence, as they were not inconsistent. *Id.* The trial court did so. *Id.* On appeal, this Court acknowledged that "[t]he filing of two countervailing statements of the evidence in the trial court and their submission, with the approval of the trial court, to the appellate courts of this state is unknown to and outside of the intent and purpose of the Rules of Appellate Procedure." *Id.* at *2. We further noted:

> In proposing to the chancellor that he approve both statements of the evidence to be included in the record on appeal, [appellant's] counsel lured the trial court into a trap and then in turn jumped into the trap with him. In our opinion, having two proposed statements of the evidence such as we have here is the same as having none.

***Id.*** Because the appellant provided no transcript, and the differing statements of the evidence equated to having none, this Court affirmed the trial court's ruling. ***Id.*** ("Our Courts have held on numerous occasions that in the absence of a transcript or statement of the evidence, it is conclusively presumed that the action of the trial court was supported by the evidence." ***Id.*** (citing *Brooks v. United Unif. Co.*, 682 S.W.2d 913 (Tenn. 1984); *Rhea v. Marko Constr. Co.*, 652 S.W.2d 332 (Tenn. 1983); *Reagor v. Dyer County*, 651 S.W.2d 700 (Tenn. 1983); *In re Rockwell*, 673 S.W.2d 512 (Tenn. Ct. App. 1983)).

In this case we are faced with the unenviable tasking of analyzing Appellant's Statement of the Evidence, Appellees' Response, Appellant's Reply, and Appellees' Surreply, to determine what, if anything, the parties agree transpired at the hearing on the motion for a new trial. Appellant contends that there are no "significant differences" between her Statement of the Evidence and the Appellees' Response. We disagree.

In her Statement of the Evidence, Appellant stated that she asked the trial court to "place the evidence on the scales," to "independently weigh the evidence," and, "as thirteenth juror," "make a ruling as to whether the evidence preponderated in favor of, or against, the jury's lone finding." However, she claims the trial court "never stated or ruled that 'the preponderance of the evidence was in favor of [Appellees],' or against Plaintiff[,]" but instead "stated that the parties 'asked for a jury and got a jury' and 'had a fair jury[,]' . . . and [he] . . . was 'going to let them decide.'" However, Appellees contend that trial court did not indicate its failure to apply the thirteenth juror standard, but instead merely expressed its dissatisfaction with the standard. According to the Appellees, "[t]he Court expressed displeasure at being required to either agree or disagree with the jury's verdict and having to state that the preponderance of the evidence was in favor of the [Appellees], noting that if the [Appellant] had wanted a bench trial, she would not have asked for a jury trial and that it seemed inappropriate to him to have to essentially independently rule on the case when the parties had requested a jury trial." However, Appellant's Reply disputed Appellees' characterization of the judge's comments as expressing dissatisfaction with the standard, and stated that "[t]he tenor of the Court's decision was not at all about its thoughts on 'the standard[.]'" Again in their Surreply, the Appellees indicated that the trial judge "absolutely voiced [his] concern about the appropriate standard when faced with a motion for new trial and whether the appropriate standard was not simply whether there was sufficient evidence to support the verdict of the jury."

Although the above language illustrates what we find to be "significant differences" between Appellant's and Appellees' accounts of the hearing, we do find certain relevant actions and statements upon which the parties are in agreement. In addition to the parties' agreement that certain language was struck from the proposed order, both parties also agree concerning a statement made by the trial judge. Appellees' Response claims that, after being presented with Appellees' proposed order, the trial judge "expressed reluctance at including the sentence 'As thirteenth juror, the Court agrees with the jury verdict and agrees that the preponderance of the evidence is in favor of the defendants.'" However, in expressing this reluctance, Appellees contend that "[t]he [trial judge] specifically noted that he was not saying that he agreed or disagreed with the jury's decision, and that he was not saying that he would have ruled in favor of Plaintiff[.]" Appellant, in her Reply, does not

dispute the substance of the trial judge's statement, but asserts only that the "discussion occurred before [Appellees] presented [their] proposed order to the Court." Thus, despite a dispute as to the timing of the statement, both parties agree that at the hearing on the motion for a new trial, the trial judge stated "that he was not saying that he agreed or disagreed with the jury's decision, and that he was not saying that he would have ruled in favor of Plaintiff[.]"

As we stated above, in considering a motion for a new trial, the trial judge must "independently weigh the evidence," *Blackburn*, 2008 WL 2278497, at *6, to ensure that he is independently satisfied with the verdict, *Mabey*, 2007 WL 2713726, at *6, and if he finds the verdict to be "against the weight of [that] evidence or contrary to [the] law," he must grant a new trial. *Wakefield*, 297 S.W.2d at 99. If he simply denies the motion for a new trial, we must presume that he has satisfied his role as thirteenth juror. *Mabey*, 2007 WL 2713726, at *7 (citing *Kear v. Birdwell*, No. 03A01-9301-CV-00089, 1993 WL 262910, at *2 (Tenn. Ct. App. E.S. July 13, 1993)). However, if he chooses to comment on the motion, we must review his comments to ensure they do not evidence a failure to comply with the thirteenth juror standard. *See id.* at *6.

We find the trial judge's comment "that he was not saying that he agreed or disagreed with the jury's decisions, and that he was not saying that he would have ruled in favor of [Appellant]" evidences a misconception of his duty as thirteenth juror, thus requiring a new trial. As the thirteenth juror, the trial judge must do precisely what the trial judge failed to do in this case–agree with the jury's verdict. Because "it appears from . . . statements made in passing on a motion for a new trial that the trial judge was not actually satisfied with the verdict," *Mabey*, 2007 WL 2713726, at *6 (citations omitted), or at least "stopped short of making an independent decision concerning whether the jury verdict was contrary to the weight of the evidence," *Craig*, 2004 WL 1756056, at * 3, we are required to grant Appellant a new trial.

## V. CONCLUSION

For the aforementioned reasons, we reverse the decision of the chancery court and remand the case for a new trial. Costs of this appeal are taxed to Appellees, Cracker Barrel Old Country Store, Inc. and Paul Ludovissie, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.

-13-